**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION**

**DELBERT MAYO**                                                                                                **PLAINTIFF**

v.                                            NO. 4:07-CV-00529 GTE

**HOUSING AUTHORITY OF THE
CITY OF NORTH LITTLE ROCK**                                                     **DEFENDANT**

**MEMORANDUM OPINION**

This case came before the Court for a bench trial on May 6, 2008.  At the conclusion of the evidence, the Court announced from the bench that it was ruling for the Defendant.  This Memorandum Opinion supplements the Court's prior ruling.

**I.       Background Facts**

Plaintiff Delbert Mayo worked for the Defendant North Little Rock Housing Authority ("NLRHA"), from January of 2000 until August 14, 2006, when his employment was terminated. Mr. Mayo was initially hired to work as a janitor and was assigned to perform those duties at Heritage House, a high rise apartment complex for the elderly owned by NLRHA.  After working in that position for a year, Plaintiff was promoted by the Defendant's Executive Director to the position of lead mechanic.  As a result of this promotion, Plaintiff had supervisory authority over the janitors and other maintenance workers assigned to Heritage House.  Plaintiff remained in the position of lead mechanic continuously until he was terminated on August 14, 2006.

On May 30, 2007, Plaintiff filed this lawsuit.  He challenges his termination, claiming that it was motivated by his race, Caucasian, and unlawful under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq*., and the Fifth and Fourteenth Amendments to the

Constitution.[1] At the beginning of the trial, Plaintiff's counsel acknowledged that the NLRHA, despite the receipt of some public funding, must be considered a private rather than a public entity. Accordingly, Plaintiff dropped his constitutional claim pursuant to 42 U.S.C. § 1983 and proceeded to trial solely on his Title VII claim.

Prior to trial, the parties stipulated to the admissibility and authenticity of Joint Exhibits 1 through 16.

## II.    Findings of Fact and Conclusions of Law

The Court makes the following findings of fact and conclusions of law based upon the evidence presented during the trial of this matter.

1.    The sole issue before the Court is to determine whether the fact that Plaintiff is Caucasian was a motivating factor or played a part in the NLRHA's decision to terminate Plaintiff's employment. *See* 8th Cir. Civil Jury Instr. 5.01 (2001).[2]

2.    In making its decision, the Court may not substitute its judgment for that of NLRA or question the soundness of its decision. The law is well established that "[a] company's exercise of its business judgment is not a proper subject for judicial oversight." *Regal v. K-Mart Corp.*, 190 F.3d 876, 880 (8th Cir. 1999)(internal citations and quotations omitted). *See also*

---

[1] Plaintiff also asserted a claim for age discrimination in his Complaint, but he later abandoned that claim.

[2]    Pursuant to the cited jury instruction, if this had been a jury trial, the jury would have been instructed:
> Your verdict must be for plaintiff Delbert Mayo on his race discrimination claim if all the following elements have been proved by the preponderance of the evidence:
> *First*, the defendant discharged plaintiff; and
> *Second*, the plaintiff's race was a motivating factor [or played a part] in the defendant's decision.
> If either of the above elements has not been proved by the preponderance of the evidence, your verdict should be for defendant and you should not proceed further in considering this claim.

*Wilking v. County of Ramsey*, 153 F.3d 869, 874 (argument that an infraction was not serious enough to warrant discharge merely questions the soundness of an employer's judgment and does not demonstrate pretext); *Rose-Matson v. NMR Hospitals, Inc.*, 133 F.3d 1104, 1107-1109 (8th Cir. 1998)(discrimination laws do not prohibit employment decisions based on job performance, erroneous evaluations, personality conflicts, or even unusual business practices); *Gill v. Reorganized School Dist. R-6, Festus, Missouri*, 32 F.3d 376, 379 (8th Cir. 1994)(courts are not permitted to second guess or to correct an unwise decision).

    3.    The Defendant NLRHA's Executive Director, Jim Redmond, made the decision to terminate Plaintiff's employment. Mr. Redmond advised Plaintiff of his termination in a letter dated August 14, 2006. The three sentence letter states in pertinent part:

> Dear Mr. Mayo,
>
> Your employment with the North Little Rock Housing Authority will terminate at 4:30 p.m. on August 18, 2006. The termination is for conduct and behavior detrimental to the Housing Authority.

(Exhibit 14).

    4.    Under the terms of NLRHA's personnel policy Mr. Mayo could only be terminated for cause. The policy provides examples of "just cause for dismissal" but the reasons listed are non-exhaustive. At trial, NLRHA took the position that Mr. Mayo's termination was for cause and that the reasons justifying his termination fit within the stated example, "conduct unbecoming an employee of the housing authority." (Exh. 1, Personnel Policy, p. 10, ¶ 11, B, (8)). Plaintiff challenged this position. The Court concludes that Plaintiff was terminated "for just cause" within the meaning of NLRHA's personnel policy. Accordingly, no advance notice of termination was required.[3]

---

    [3] The Court recognizes that whether NLRHA complied with its own personnel policy is relevant solely to the extent that it might bear upon the ultimate question of whether NLRHA's

5.     Plaintiff was regarded as well-qualified in the sense that he was knowledgeable and capable of performing the skills necessary to do his job.  In that regard, he was a good employee.  However, Plaintiff was regarded as a poor employee in terms of his attitude and demeanor.

6.     There is no evidence before the Court that would permit an inference that the reasons given for Plaintiff's termination were not true in fact.  The Court credits the testimony of Mike Williams, NLRHA's Maintenance Director at the time, and Mr. Redmond regarding the complaints that they received regarding Plaintiff.    Such complaints were either true, or Mr. Redmond and Mr. Williams believed them to be true.

7.     There is no evidence before the Court that would permit an inference that Plaintiff's race played any part in NLRHA's decision to terminate Plaintiff's employment.

## CONCLUSION

The Court concludes that the Plaintiff has failed to satisfy his burden to prove any of the claims asserted in his Complaint.  Accordingly, Judgment will be entered for the Defendant.

IT IS SO ORDERED THIS   7th    day of May, 2008.

_/s/Garnett Thomas Eisele_____
UNITED STATES DISTRICT JUDGE

---

termination of Plaintiff was racially motivated.